UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                        DECISION AND ORDER

                                                        09-CR-6155L

                        v.

BRUCE E. MACK,

                          Defendant.
_____

       Defendant, Bruce Mack ("Mack"), pleaded guilty pursuant to a plea agreement (Dkt. #39) on August 26, 2009. Mack pleaded guilty to a single-count information charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute, fifty grams or more of cocaine base and one kilogram or more of heroin).

       Because Mack had a prior drug conviction (Dkt. #26), he faced a minimum twenty-year term of imprisonment. Under the United States Sentencing Guidelines, Mack had the highest criminal history, VI, and with an offense level of 35, his Guideline range was 292-365 months.

       There was a cooperation provision in the plea agreement. Sentencing was adjourned without date to allow Mack to fulfill his obligations under the plea agreement relative to his cooperation.

       At the time he entered into the plea agreement, defendant was represented by Assistant Federal Public Defender Elizabeth Switzer. Approximately eighteen months after the entry of his guilty plea, Mack expressed some concern about the representation that he had received from Switzer, and therefore, on February 8, 2011, the Court released Switzer, and soon thereafter

appointed new counsel, Peter J. Pullano. Pullano is an attorney in private practice, and is not affiliated with the Federal Public Defender's office.

Sentencing was adjourned several times, ultimately until January 3, 2012. In the interim, Mack had cooperated with the Government, and in fact had testified in a state homicide investigation. Therefore, the Government moved for a reduced sentence based on substantial assistance (Dkt. #33). Pursuant to Guidelines § 5K1.1 and 18 U.S.C. § 3553(e), the Court sentenced Mack principally to 132 months imprisonment, which was well below the statutory minimum envisioned in the plea agreement and the Sentencing Guidelines.

Mack did not appeal the judgment (the plea agreement precluded him from doing so), but he did file a motion to vacate under 28 U.S.C. § 2255 on November 9, 2012 (Dkt. #43). This Court denied that motion by Decision and Order (Dkt. #56) entered February 18, 2014. Mack appealed. The Court of Appeals issued an order ("remand order") on December 18, 2014, holding the appeal in abeyance and remanding to this Court for the "limited purpose of permitting the district court to clarify its position on Appellant's claim that his counsel was ineffective because she operated under a conflict of interest." (Dkt. #61).

Since then, several motions have been filed. Mack has filed a "motion for production of discovery" (Dkt. #63), a "motion to expedite discovery" (Dkt. #67), and a motion for miscellaneous relief (Dkt. #71), which includes a request for an order directing Mack's "immediate[] release from federal prison custody ... ." The Government has filed a motion to compel former defense counsel Switzer to submit an affidavit concerning her alleged conflict of interest. (Dkt. #64.) The Federal Public Defender has also filed a motion (Dkt. #69) to hold in abeyance this Court's Order (Dkt. #66) directing Switzer to submit an affidavit regarding her possible conflict of interest relative to her former representation of Mack.

With respect to the remand order, the Court has re-examined Mack's original motion to vacate (Dkt. #43), the Court's decision denying that motion, and the Government's most recent

response (Dkt. #70).  There is no basis for any of the relief that Mack seeks, and I adhere to my original decision denying the motion to vacate.

First of all, in Mack's motion pursuant to § 2255, there was no discussion whatsoever of the so-called conflict of interest that he alleges now.  Mack did use the phrase "conflict of interest" at one point in his motion, Dkt. #43 at 14, but he did so regarding other issues which Mack claimed involved ineffective assistance of counsel, such as the failure to investigate mental health issues, review of school records and the like.  The suggestion was that his then-attorney should have presented those matters to the Court, presumably at sentencing.  But because Mack had new counsel from February 2011 to January 2012, when he was sentenced, and because he neither raised the so-called "conflict" issue after he had new counsel, or discussed any particulars in his § 2255 motion, I did not address it in my original decision denying the motion.  The reference to "conflict" appeared, as in many *pro se* pleadings, to be a boilerplate, conclusory phrase that had little to do with the facts of the case.  And at that time, as presented, that was all that it was.[1]

After Mack pleaded guilty, he sought new counsel.  The Court's granting of that request eliminates any possible issue relating to Switzer's alleged conflict.

In the court proceeding on February 8, 2011 (Dkt. #65), Mack voiced several complaints about Switzer, and basically claimed he could not proceed with her as his attorney.  Mack did mention that Switzer had represented a Terrel Pelote, about whom Mack had apparently provided information to the Government (Dkt. #65, p. 5).  There is no evidence or indication that Pelote was providing information against Mack.

In its present response (Dkt. #70, p. 3), the Government apparently does not dispute that Switzer did represent Pelote.  But Mack has failed to demonstrate any conflict that affected him in any material way.  The Government's response indicates that Pelote did cooperate, but there is

---

[1] Mack also discussed the alleged conflict issue in his notice of appeal, and in his application for a certificate of appealability (Dkt. #57) but that was before the Second Circuit and not this Court.

no evidence that he provided any information against Mack (Dkt. #70 at 5).  At a more fundamental level, Mack has presented no concrete evidence of actual conflict or any harm to his interests.

What is clear is that Mack had the benefit of an intervening event:  the release of Switzer and the appointment of new counsel, Peter Pullano.  Mack had Pullano as his attorney for almost a year before sentencing.  During that time, Mack took steps to complete his cooperation.  Mack never moved to withdraw his plea; rather, his focus was on his cooperation with the Government and his attempt to get the best possible sentence under all the circumstances presented, in light of the serious nature of the charges against him, and his significant prior criminal record.  Whatever perceived conflict may have existed with Switzer (and there is no proof of any), it was extinguished when she was relieved as counsel, and Mack obtained the benefit of new counsel.

Mack was warned on February 8, 2011, in the course of his colloquy with the Court concerning new counsel, that there were perils that existed if he really wanted to withdraw his plea.  Such an action could have affected the Government's view as to whether he was truly providing substantial assistance.

Well aware of those possibilities, Mack forged ahead, and he received some benefit as a result of his ongoing cooperation.  His cooperation in a murder investigation resulted in the Government moving for a reduced sentence (Dkt. #33).  His lawyer filed a thorough sentencing statement (Dkt. #35) and made strong arguments for a lenient sentence, as well as including numerous letters of character.

Because Mack faced a statutory minimum sentence, any reduction below that had to be based on the Government's filing of a motion under § 3553(e).  Any such reduction also could only have been related to the nature and extent of his cooperation.  See, *e.g.*, *United States v. Reyes-Nieto*, 520 Fed.Appx. 29, 30-31 (2d Cir. 2013); *United States v. Richardson*, 521 F.3d 149, 158 (2d Cir. 2008); *United States v. Kupa*, 976 F.Supp.2d 417, 441 (E.D.N.Y. 2013).

In short, after Mack was assigned a new lawyer, he made no complaints about the alleged "conflict" or problems with his prior attorney, nor did he make any complaints whatsoever about his new lawyer. As mentioned, Mack's cooperation, which he provided pursuant to his new attorney's efforts, served Mack well, as it resulted in the Government's 5K motion. His sentence was *nine years* less than the statutory minimum he originally faced, and well below the 240-293 Guideline range determined to be applicable by Probation in the Presentence Investigation (Dkt. #40).

In light of these conclusions, I find it unnecessary to decide the other pending motions in this case. Mack's motions for production of discovery (Dkt. #63) and to expedite discovery (Dkt. #67), the Government's motion to compel Switzer to submit an affidavit (Dkt. #64), and the Federal Public Defender's motion (Dkt. #69) to hold in abeyance this Court's Order (Dkt. #66) directing Switzer to submit an affidavit, all relate to the alleged conflict of interest. For the reasons stated, I find no basis for any claim of a conflict of interest relative to attorney Switzer. Those motions are therefore denied as moot.

I also note that this Court's Order of February 5, 2015 (Dkt. #66), directing Switzer to submit an affidavit concerning any possible conflict of interest relating to her representation of Mack, effectively granted the Government's prior motion to compel (Dkt. #64); thus, the latter motion is moot in any event. In light of the Court's findings and conclusions above, however, the Court vacates that Order. Because Mack has failed to demonstrate any basis for relief, I also deny his motion (Dkt. #71) for various relief, including his request for an order directing his "immediate[] release from federal prison custody ... ."

In short, all of the pending motions relate to Mack's initial claim that his prior counsel was operating under a conflict of interest. Since I find no valid grounds for relief here, all those motions are denied.[2]

---

[2] At the end of his "Reply to the Government's Response to the 2255 Motion" (Dkt. #72),
(continued...)

## CONCLUSION

In light of the above, I have considered the matters raised by the Second Circuit's remand decision (Dkt. #61), and I find no basis to change or modify my original Decision (Dkt. #56) denying the motion to vacate. Once again, I decline to issue a certificate of appealability, since defendant has failed to make substantial showing of a constitutional violation.

This Court's Order (Dkt. #66) directing attorney Elizabeth Switzer to submit an affidavit regarding defendant's claim of a conflict of interest is hereby vacated.

Defendant's motions for production of discovery (Dkt. #63), to expedite (Dkt. #67), and for miscellaneous relief (Dkt. #71) are denied as moot. The Government's motion to compel (Dkt. #64), and the motion (Dkt. #69) filed by the Federal Public Defender to hold in abeyance this Court's Order dated February 5, 2015, are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 7, 2015.

---

[2](...continued)
Mack also requests that the Court set aside his conviction. *Id.* at 9. Mack has not previously requested such relief in connection with his present claim. While Mack did request in his original 2255 motion that the Court vacate his conviction, *see* Dkt. #43 at 16, the basis for that request was Mack's contention that he was mentally incompetent to enter into a valid plea. This Court found no viable basis for that claim. *See* Dkt. #56 at 4. The only issue before this Court on remand from the Second Circuit is whether Mack is entitled to relief based on Switzer's alleged conflict of interest. For the reasons stated, I find no basis for such relief, nor any reason to entertain Mack's belated request to set aside his conviction based on that, or any other ground.